IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02729-RMR-CYC

UNITED STATES OF AMERICA *ex rel.*
AGR GROUP, LLC, Relator,

    Plaintiff,

v.

MATT HIRSCHBEIL,

    Defendant.

## ORDER

**Cyrus Y. Chung, United States Magistrate Judge.**

    Defendant Matt Hirschbeil moves for a stay of litigation pending the resolution of a state-court case against him, invoking the abstention doctrine of *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). But that doctrine requires a parallelism that does not exist between this case and the state-court action. The motion is therefore **DENIED**.

    AGR Group, LLC commenced this *qui tam* action as relator for the United States in 2022. ECF No. 1. In brief, the complaint alleges that the defendant violated the False Claims Act, 31 U.S.C. § 3729, by submitting a loan-forgiveness form to the federal government bearing the forged signature of the relator's majority owner, Ryan Scheeler, and falsely attesting that the loan funds had been used for the relator's payroll. *Id.* ¶¶ 54–58, 62–64, 72–82. Scheeler reported this conduct to the management of a separate company at which he and the defendant were managing members and, shortly thereafter, was terminated from that company. *Id.* ¶¶ 32, 47–49.

    Prior to the filing of this case, the relator, Scheeler, and others sued the defendant and

1

certain corporate entities in Colorado state court; that case was then removed to federal court. *See* Notice of Removal ¶ 1, *Scheeler v. Canopy Holdings, LLC*, No. 22-cv-02417-DDD-NRN, ECF No. 1 (D. Colo. Sep. 19, 2022). A district judge, finding a lack of federal-question jurisdiction, remanded it to state court. Order Granting Motion To Remand and Denying Award of Fees and Costs, *Scheeler v. Canopy Holdings, LLC*, No. 22-cv-02417-DDD-NRN, ECF No. 130 (D. Colo. June 12, 2023). In state court, the case proceeded to a bench trial in October 2024 on, among other things, a claim by Scheeler for wrongful termination under Colo. Rev. Stat. § 24-34-402.5. *See* ECF No. 48-1 at 6, 21; ECF No. 48-2 ¶¶ 228–241. The state-court case awaits a final ruling. ECF No. 36 at 2.

In the meantime, the United States declined to intervene in this action, ECF No. 27, and, accordingly, the case was unsealed, with litigation beginning in earnest. ECF Nos. 28, 29. This motion, invoking the *Colorado River* doctrine, followed. ECF No. 36.

A motion requesting dismissal or stay under the *Colorado River* doctrine "does not fall under any enumerated provision of Federal Rule of Civil Procedure 12(b)," but a court "may exercise discretion to consider pre-answer motions involving abstention or surrender of jurisdiction." *Tetra Tech Inc. v. Town of Lyons*, 641 F. Supp. 3d 1042, 1057 (D. Colo. 2022) (citing *Foxfield Villa Assocs., LLC v. Regnier*, 918 F. Supp. 2d 1192, 1196 (D. Kan. 2013)). The doctrine allows a federal court either to decline to exercise jurisdiction by dismissing the case or to stay the case in deference to a pending parallel state-court action. *Colo. River*, 424 U.S. at 817–18. But "declining to exercise jurisdiction based on the *Colorado River* doctrine is appropriate only in 'exceptional' circumstances," as federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Fox v. Maulding*, 16 F.3d 1079, 1081 (10th Cir. 1994) (quoting *Colo. River*, 424 U.S. at 817–18). Indeed, it would be "a serious abuse

2

of discretion" to dismiss or stay an action under the *Colorado River* doctrine unless "the parallel state-court litigation [is] an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983). A court must therefore "ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the surrender of [federal] jurisdiction." *Id.* at 25–26.

Accordingly, the *Colorado River* requires a two-part analysis. First, a court must "determine whether the state and federal proceedings are parallel." *Fox*, 16 F.3d at 1081. If the proceedings are parallel, then a court considers a "nonexclusive list of factors" to determine whether "exceptional circumstances" exist that warrant deference to the parallel state proceeding. *Id.* at 1082.

The defendant's bid to stay this case falters at the first step, which examines "the state proceedings as they actually exist to determine whether they are parallel to the federal proceedings, resolving any doubt in favor of exercising federal jurisdiction." *Allen v. Bd. of Educ., Unified Sch. Dist. 436*, 68 F.3d 401, 403 (10th Cir. 1995) (internal citations and quotation marks omitted). "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Fox*, 16 F.3d at 1081. To be "sufficiently parallel, . . . the state action must resolve all of the claims in the federal case." *Glassie v. Doucette*, 55 F.4th 58, 64 (1st Cir. 2022) (citation and quotation marks omitted).

Here, the issues are different. The state wrongful-termination claim requires "a plaintiff" to "show that he: (1) engaged in a lawful activity off the premises of an employer during nonworking hours; and (2) was terminated for engaging in this activity." *Easley v. Fairway Indep. Mortg. Corp.*, No. 15-cv-02290-MEH, 2016 WL 614481, at *2 (D. Colo. Feb. 16, 2016).

3

By contrast, the False Claims Act requires the plaintiff in this case to "establish (1) a false statement or fraudulent course of conduct; (2) made with the requisite scienter; (3) *that is material*; and (4) that results in a claim to the Government or conceals, decreases, or avoids an obligation to pay the Government." *United States ex rel. Janssen v. Lawrence Mem'l Hosp.*, 949 F.3d 533, 539 (10th Cir. 2020). The elements of the state claim show little parallelism with the federal claim.

Nevertheless, the defendant notes, the state-court complaint alleges that some of the lawful activity prompting termination was Scheeler's reporting of the defendant's conduct comprising the basis of the federal False Claims Act claim. ECF No. 48 at 2–3; *see* ECF No. 48-2 ¶ 241. The outcome of the state case, he says, must therefore determine this one.

That is not necessarily so. For one thing, the state wrongful-termination claim does not depend entirely upon a finding that Scheeler engaged in lawful conduct under the False Claims Act. To the contrary, they averred in this court that "Mr. Scheeler's allegation of retaliation under" the False Claims Act "is not . . . a necessary element of the state law claim because he can succeed with out it." Motion to Remand 11, *Scheeler v. Canopy Holdings, LLC*, No. 22-cv-02417-DDD-NRN, ECF No. 38 (D. Colo. Oct. 6, 2022). "He also alleges," for instance, "that the termination was intended to punish him for not voluntarily agreeing to give up certain payments . . . ." *Id.* at 11–12. That is echoed in the state-court plaintiffs' proposed findings of fact, which urge the state judge to find in their favor because the "true motive for terminating" Scheeler "was to avoid its obligations to pay" him or, alternatively, to "punish him for complaining of fraud." ECF No. 48-6 at 25. Either one, they say, is a sufficient basis for their claim; if the state court chooses the former path, there is no need for it to rule on the substance of this lawsuit. And that is simply one path for the state court to avoid deciding False Claims Act issues: it could also

4

decide, for instance, that regardless of whether Scheeler's allegations about the forged signature and false reporting to the government were correct, Scheeler's termination came for a different reason. Thus, "[t]he suits here are certainly related, but they are not parallel." *United States ex rel. Maharaj v. Est. of Zimmerman*, 427 F. Supp. 3d 625, 643 (D. Md. 2019); *see United States ex rel. Ocean State Transit, LLC v. Infante-Green*, ("Although this federal-court action implicates some of the same facts as the state-court breach of contract case, because here Ocean State asserts a claim on behalf of the United States, and because this case alleges violations of the False Claims Act that are independent of the state-court breach of contract claim, the abstention doctrine established in *Colorado River* does not apply."). That prevents abstention.

For another, despite the defendant's assertion that a state-court finding would have preclusive effects in this case, ECF No. 48 at 9, "the resolution of personal employment litigation does not preclude a *qui tam* action, in which the relator acts as a representative of the public." *United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 852 (7th Cir. 2009). Given that the preclusion analysis is "arguably more liberal" than the *Colorado River* analysis, *Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 646 (7th Cir. 2011), that is an additional reason that abstention would be inappropriate here.

The short of it is that *Colorado River* requires parallel, not simply related, actions to compel a district court to forego its obligation to exercise its jurisdiction. That parallelism is lacking here. For the foregoing reasons, the defendant's Motion to Stay, ECF No. 36, is **DENIED**.

Dated this 14th day of October, 2025 at Denver, Colorado.

BY THE COURT:

_____

Cyrus Y. Chung
United States Magistrate Judge